IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHIRLEY SMITH, | § | |
| | § | |
| Defendant Below, | § | No. 146, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1404012579 (K) |
| | § | |
| Appellee. | § | |

Submitted: June 15, 2023
Decided: July 20, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

### ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Shirley Smith, filed this appeal from the Superior Court's denial of her motion for sentence reduction. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that her appeal is without merit. We agree and affirm.

(2) In 2014, Smith pleaded guilty to home invasion, first-degree assault, possession of a deadly weapon during commission of a felony ("PDWCF"), and second-degree conspiracy. The charges arose from Smith's and another person's breaking into the house of a man over the age of sixty-two, assaulting him, and

robbing him. After a presentence investigation, the Superior Court sentenced Smith to a total of 54 years of incarceration, suspended after 22 years for decreasing levels of supervision. Smith did not file a direct appeal but has filed several motions for postconviction relief.

(3) In September 2022, Smith filed a motion for sentence reduction. She alleged, among other things, that her trial counsel was ineffective and that her sentence violated the Eighth Amendment of the United States Constitution. She requested immediate release to Level IV. The Superior Court denied the motion, finding it untimely and repetitive. This appeal followed. Smith subsequently filed a motion for preparation of the plea and sentencing transcripts at State expense, which the Superior Court denied.

(4) We review the Superior Court's denial of a motion for sentence reduction for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] Superior Court Criminal Rule 35(b) provides that a motion for sentence reduction that is not filed within ninety days of sentencing will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217. Rule 35(b) also provides that the Superior Court will not consider repetitive motions for sentence reduction.

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[2] *Id.*

(5) In her opening brief, Smith primarily challenges the Superior Court's denial of her motion for transcripts at State expense. She argues that the transcripts are necessary for her ineffective-assistance-of-counsel claims. She also contends that her sentence violates the Eighth Amendment and that she has served sufficient time for her crimes.

(6) Although indigent defendants have a right to transcripts at State expense on direct appeal, they do not have an absolute right to transcripts at State expense in postconviction proceedings.[3] A defendant must raise ineffective-assistance-of-counsel claims in a timely-filed motion for postconviction relief under Superior Court Criminal Rule 61.[4] Smith's conviction became final almost nine years ago and she has already filed two motions for postconviction relief under Superior Court Criminal Rule 61. She did not make any showing that she could overcome the Rule 61 procedural bars,[5] and the Superior Court did not abuse its discretion in denying her motion for transcripts at State expense.

(7) Nor did the Superior Court err in denying Smith's motion for sentence reduction. Smith's non-suspended 22-year sentence for home invasion, first-degree

---

[3] *Grayson v. State*, 2021 WL 3521071, at *2 (Del. Aug. 10, 2021).

[4] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[5] *See, e.g.,* Super. Ct. Crim. R. 61(d)(2) (limiting second or subsequent Rule 61 motions to movants who were convicted after trial); Super. Ct. Crim. R. 61(i)(1) (requiring the filing of a Rule 61 motion within one year of the conviction becoming final); Super. Ct. Crim. R. 61(i)(5) (providing that Rule 61(i)(1), (2), (3), and (4) do not apply to a claim that that the Superior Court lacked jurisdiction).

assault, PDWDCF, and second-degree conspiracy is not disproportionate to those crimes and did not violate Smith's Eighth Amendment right to be free from cruel and unusual punishment.[6] Smith also failed to establish extraordinary circumstances warranting review of her untimely motion for sentence reduction.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] *See, e.g., Hawkins v. State*, 2010 WL 5043931, at \*1-2 (Del. Dec. 9, 2010) (rejecting claim that aggregate twenty-year sentence for two PDWDCF convictions violated Eighth Amendment).

4